TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0430-KB

KENTUCKY BAR ASSOCIATION                                             MOVANT

IN SUPREME COURT

V.

ARTHUR JOSEPH MORBURGER                                          RESPONDENT

## **OPINION AND ORDER**

On September 28, 2022, the Kentucky Bar Association (KBA) moved this Court to enter an order directing Arthur Joseph Morburger, whose KBA member number is 49880 and whose bar roster address is 19 West Flagler Street, Suite 404, Miami, Florida 33130, to show cause why he should not be subject to reciprocal discipline after being permanently disbarred by the Supreme Court of Florida. The KBA also requested this Court enter an order imposing identical discipline were we to find such cause lacking.

On October 19, 2022, pursuant to SCR[1] 3.435(2), this Court granted the KBA's request and ordered Morburger to show cause why he should not be subject to reciprocal discipline. Morburger failed to file a response. Accordingly, pursuant to SCR 3.435(4), this Court grants the KBA's motion and

---

[1] Rules of the Supreme Court.

orders that Morburger be permanently disbarred in this Commonwealth consistent with the order of the Supreme Court of Florida.

Morburger was admitted to the practice of law in Kentucky on November 17, 1961. He was temporarily suspended by order of this Court on January 20, 2022, pending the outcome of the Florida disciplinary proceedings.[2] On August 25, 2022, the Supreme Court of Florida entered an order of disbarment for violating Rules Regulating the Florida Bar Rule 4-1.15 (regarding compliance with rules regulating attorney trust accounts), Rule 5-1.1 (regarding attorney trust accounts, which is substantively similar to SCR 3.130(1.15)), and Rule 4-8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, which is substantively the same as SCR 3.130(8.4)(c)). The violations arose from Morburger's mishandling and misappropriation of client funds. More specifically, Morburger's client was awarded approximately $37,000 in attorney's fees which were to be held in Morburger's attorney escrow account pending the outcome of an appeal. No other monies were held in the escrow account. When the appeal was resolved in his client's favor, Morburger was ordered to pay over the funds, but he failed to do so. Instead, two checks presented to the client were returned for insufficient funds and Morburger insisted someone had stolen his escrow account checks and forged his signature.

---

[2] *Kentucky Bar Ass'n v. Morburger*, 638 S.W.3d 431 (Ky. 2022).

2

An ensuing investigation uncovered no third-party fraud had been committed but instead revealed the funds had been converted by Morburger for the benefit of a former client and prospective business partner. Despite substantial evidence to the contrary, Morburger continued insisting he was an innocent victim and took no responsibility for his clear wrongdoings. He made multiple misrepresentations in sworn depositions, in written responses to the Florida Bar, and in his testimony before the Referee at his final hearing in the disciplinary process. Based on these facts, including Morburger's intentional failure to appropriately protect client funds and the existence of multiple aggravating factors, the Supreme Court of Florida disbarred Morburger.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to impose identical discipline "unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Without such "substantial evidence," "a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c). Morburger has failed to provide any response or evidence showing a lack of jurisdiction or fraud in the Florida proceedings or any reason our Court should impose a lesser discipline upon him. As such, we impose identical reciprocal discipline.

Therefore, it is hereby ORDERED:

1.  Arthur Joseph Morburger is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective from the entry of this Opinion and Order;

2.  Pursuant to SCR 3.390, Morburger shall, if he has not already done so, within ten (20) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his permanent disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

3.  In accordance with SCR 3.450, Morburger shall pay all costs associated with these disciplinary proceedings against him and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 16, 2023.

_____
CHIEF JUSTICE

4